UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHELLE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:06-cv-1059-SEB-JMS |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant.¹ ) | |

**ENTRY DISCUSSING COMPLAINT FOR JUDICIAL REVIEW**

Michelle Wilson ("Wilson") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I. BACKGROUND**

Wilson applied for DIB on August 2, 2004, alleging an onset date of November 24, 2003. Her application was denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on October 20, 2005. Wilson was present, accompanied by her attorney. Medical and other records were introduced into evidence. Wilson, two medical experts and a vocational expert testified. The ALJ denied Wilson's application on December 17, 2005. On May 23, 2006, the Appeals Council denied Wilson's request for review of the ALJ's decision, making the ALJ's decision final. *See Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994). This action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

---

¹On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure*, Michael J. Astrue, in his official capacity only, is the proper defendant in this action.

The ALJ's decision included the following findings: (1) Wilson met the disability insured status requirements of the Act on November 24, 2003, and had had not engaged in substantial gainful activity since that date; (2) on November 24, 2003, Wilson had a "severe" impairment as a result of a herniated disc at C5-6 of the cervical spine with radiculopathy, status post fusion; status post bilateral fractures of the wrists; and chronic obstructive lung disease, (20 C.F.R. § 404.1520(c)); (3) from November 24, 2003, through November 30, 2004, Wilson's impairments met the requirements of Listing 1.04A in Appendix 1, Subpart P, Regulations No. 4; (4) as of December 1, 2004, Listing 1.04A was no longer met and, thus, there had been medical improvement which was related to Wilson's ability to work; (5) as of December 1, 2004, Wilson had a "severe" impairment as a result of a history of a herniated disc at C5-6 of the cervical spine with radiculopathy, status post fusion; status post bilateral fractures of the wrists; chronic obstructive lung disease, depression, and alcohol abuse in early remission; (6) as of December 1, 2004, Wilson's impairments, singly or in combination, did not meet or medically equal the requirements of any listing in Appendix 1, Subpart P. Regulations No. 4; (7) as of December 1, 2004, Wilson's allegations regarding her limitations were credible only to the extent consistent with this decision;  (8) as of December 1, 2004, Wilson had the residual functional capacity ("RFC") for unskilled work involving lifting/carrying up to ten pounds occasionally; with no limitations on sitting, standing, or walking; no limitations on the use of the hands or feet; no climbing, balancing, or crawling; with frequent stooping, crouching, kneeling, reaching, handling and pushing/pulling; and avoiding all exposure to heights and vibrations; (9) as of December 1, 2004, Wilson was unable to perform any of her past relevant work; (10) as of December 1, 2004, Wilson was a younger individual, she had a high school education,  and she acquired no skills transferable to unskilled work; (11) as of December 1, 2004, although Wilson's exertional limitations did not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 and the testimony of the vocational expert as a framework for decision-making, there were significant numbers of jobs in the state and national economies that she could perform, including light unskilled jobs as they exist in the State of Indiana, 5,000 hand packagers, DOT #753.687-083; 3,000 inspectors, DOT #737.687-026, and 2,000 assemblers, DOT #706.687-010; and (12) as of December 1, 2004, considering that Wilson was capable of performing a significant number of jobs as they exist in the state and national economies, despite her limitations, a finding of "not disabled" is appropriate with the framework of the above-cited rule and the testimony of the vocational expert. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Wilson was under a "disability" as defined in the Act from November 24, 2003, through November 30, 2004, but not thereafter.

## II.  DISCUSSION

### A.     Applicable Law

To be eligible for disability benefits, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1).

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.     Analysis

In this case, the ALJ determined that Wilson was disabled for a one year closed period of time, but that beginning December 1, 2004, her condition had improved and she was no longer disabled. Wilson argues that the ALJ's decision was not supported by substantial evidence. Specifically, Wilson contends that the ALJ made two mistakes in determining her RFC assessment.

First, Wilson argues that the ALJ failed to evaluate the combination of her psychiatric problems and her physical impairments in assessing her credibility. She asserts that the ALJ improperly evaluated the credibility of her symptom testimony.

The court grants special deference to the credibility determination made by the ALJ and generally will not overturn an ALJ's credibility finding unless it is "patently wrong." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir.2001). In determining Wilson's credibility, the ALJ recited the appropriate regulations and noted that she had considered all symptoms, including pain, and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. (R. at 27, citing 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p.). The ALJ discussed Wilson's testimony, daily activities, social activities, reports of treating and consulting physicians relating to psychological and physical symptoms, and noted that there were no side effects from the medications she took. *Id.* The ALJ specifically noted that Wilson's impairments, singly or in combination, did not meet or medically equal any Listing. (R. at 26).

3

Throughout all steps of the analysis, the ALJ discussed the evidence relating to Wilson's physical and mental impairments. (R. at 19-31). In sum, the ALJ discussed in detail the various factors to consider in weighing a claimant's credibility. The ALJ gave reasons for her conclusions, and those reasons are supported by substantial evidence. The ALJ's discussion relating to Wilson's credibility is adequate to allow the court to trace her reasoning. The court does not find that the ALJ's analysis is patently wrong, and therefore, must affirm the ALJ's credibility determination.

Wilson also argues that the ALJ improperly evaluated the opinion of her mental health therapist. The ALJ did not accept the opinion of Wilson's social worker, who opined that Wilson was permanently disabled. (R. at 30, 618). The ALJ discussed the social workers' opinion, noting that she indicated that Wilson was moderately to markedly limited in most areas of functioning. (R. at 30). The ALJ reasoned that a social worker is not an acceptable medical source, citing 20 C.F.R. § 404.1513. (R. at 30). The ALJ did note that supervising psychologist Dr. Berry also signed the social worker's report, but the ALJ found that there was no evidence that Dr. Berry ever examined Wilson. *Id.* The ALJ went further in stating that even if the source of the report were accepted, "the evidence of record does not support it. There is no evidence demonstrating a marked limitation in any area of functioning." *Id.*

Wilson asserts that although the social worker is not a "medical source" under the regulations, she would be considered an "other source." As such, she contends, the ALJ should have considered the social worker's opinions with regard to the severity of Wilson's impairments and how they affect her ability to work. The ALJ did, however, consider the social worker's report and found that the evidence did not support her conclusions, noting specifically the lack of evidence demonstrating any marked limitations. In addition, the ALJ considered other sources of mental health opinions and articulated the reasons for accepting and/or rejecting such opinions. In fact, the ALJ rejected the opinions of the state agency psychologists who concluded that Wilson had no severe mental impairment. (R. at 26). The ALJ gave little weight to the opinion of psychiatrist Dr. Wilson because Dr. Wilson examined Wilson on only one occasion and based his opinion solely on Wilson's allegations. (R. at 30). The ALJ further found that Dr. Wilson's opinion was not consistent with other evidence of record. *Id.* The ALJ relied on the opinion of the clinical psychologist expert who reviewed the record and testified at the hearing that Wilson's depressive disorder met the requirements of Listing 12.04A, but that the requirements of Listing 12.04B and the C criteria were not met. (R. at 26-27). The ALJ discussed the psychological expert's mental RFC assessment and adopted those findings because they were consistent with the evidence of record as a whole. (R. at 30-31). The Seventh Circuit has held that if well-supported evidence is introduced which contradicts the opinion of a treating physician, even if it is that of non-treating, non-examining physicians, then the treating physician evidence is not controlling and it is just one more piece of evidence to consider. *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006). Furthermore, the court must decline any invitation to resolve conflicts in or reweigh the evidence. *Diaz,* 55 F.3d at 305 ("We cannot substitute our own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled.").

4

In determining Wilson's eligibility for benefits, the ALJ applied the proper analytical methodology and fairly considered and weighed the evidence. The ALJ's decision was based on consideration of: (1) Wilson's age, education, and work history; (2) Wilson's history of diagnoses, treatment, medications, and evaluations; (3) Wilson's own account of her conditions, capabilities, limitations, symptoms and daily routine; and (4) the testimony of Wilson, two medical experts and a vocational expert.

The ALJ explained her rationale for evaluating and weighing the opinions and evidence of record. (R. at 19-32). There was no significant evidence, symptom, complaint, or issue which the ALJ's decision overlooked. Substantial evidence supports the ALJ's findings of fact and identification and assessment of Wilson's impairments, and there was no error of law in the manner in which the evidence was evaluated. As is the case here, an "ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." *Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007). Here the ALJ sufficiently articulated her assessment of the evidence to enable the court to "trace the path of the ALJ's reasoning." *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996). Substantial evidence supports the ALJ's finding that Wilson was disabled from November 24, 2003, through November 30, 2004, but not thereafter.

### III. CONCLUSION

There was no reversible error in the assessment of Wilson's application for DIB. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, Wilson is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/05/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana